# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EDITH DOLORES NEAL, )<br>a/k/a/ EDITH DOLORES TAYRIEN LEE, )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>HELEN ANN NICHOLSON, )<br>THE ESTATE OF ELMER C. TAYRIEN, )<br>and ROBIN PHILLIPS, Superintendent )<br>of the Bureau of Indian Affairs for the Osage )<br>Tribe by and through the Department of )<br>the Interior, )<br>)<br>)<br>**Defendants.** ) | Case No. 16-CV-0234-CVE-FHM |

## OPINION AND ORDER

Now before the Court is Defendant the United States of America's Motion to Dismiss or, Alternatively, to Strike Current Deadlines and Enter an Appellate Briefing Schedule (Dkt. # 7). The United States asks the Court to dismiss plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(1) for a lack of subject matter jurisdiction, asserting that the action is barred by the statute of limitations, or, in the alternative, should be treated as an appeal. Dkt. # 7. Plaintiff responds that the statute of limitations has not run and that her claim is not an appeal. Dkt. # 11.

### I.

Plaintiff originally filed this action in Osage County District Court, seeking a declaratory judgment that the devise of property pursuant to an Osage Tribe member's will, probated in 1982, violates the rule against perpetuities. Dkt. # 2-2, at 5. In 1981, the decedent, Elmer C. Tayrien, died. Dkt. # 7, at 2. At the time of his death, Elmer owned an Osage headright, which is "an interest in the

income from oil wells held in trust for the Osage Indian Tribe by the United States." Id.; see also Crawley v. United States, 977 F.2d 1409, 1420 n.2 (10th Cir. 1992). Elmer's will provided for the disposition of this headright, leaving a life estate to his widow, Gladys Tayrien, and upon Gladys's death, leaving a life estate to plaintiff. Dkt. # 7, at 2. Upon plaintiff's death, the headright would vest in defendant Nicholson, plaintiff's daughter. Id. Pursuant to the Act of October 21, 1978, Pub. L. No. 95-496, 92 Stat. 1660, § 5(a) (the 1978 Act), the Superintendent of the Bureau of Indian Affairs for the Osage Tribe (Superintendent) conducted a will approval proceeding and approved the will. Dkt. # 2-2, at 10. Plaintiff filed this action asserting that the devise to Nicholson violates the rule against perpetuities and seeking modification of the will to eliminate Nicholson's vested remainder. Id. The United States, on behalf of defendant Robin Phillips, the current Superintendent, removed the action to this Court and filed a motion to dismiss, asserting that the Court lacks subject matter jurisdiction over plaintiff's claim. Dkt. ## 2, 7. The United States argues that the statute of limitations bars plaintiff's action, that plaintiff failed to exhaust her administrative remedies, and that the state court had no jurisdiction to grant plaintiff relief. Dkt. # 7. In the alternative, the United States asks the Court to strike the current deadlines and enter an appellate briefing schedule. Id. Plaintiff argues that the statute of limitations has not run, that plaintiff does not need to exhaust administrative remedies because she is not bringing an administrative appeal, and that the state court has jurisdiction to grant her relief. Dkt. #11.

## II.

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(1), the Court must determine whether the plaintiff can establish that the Court has subject matter jurisdiction over the defendant. Rule 12(b)(1) motions can take the form of a facial attack, whereby "the movant merely challenges

the sufficiency of the complaint, requiring the district court to accept the allegations in the complaint as true," or the form of a factual attack, whereby "the movant goes beyond the allegations in the complaint and challenges the facts upon which subject matter jurisdiction depends." Paper, Allied-Indus., Chem. and Energy Workers Int'l Union v. Cont'l Carbon Co., 428 F.3d 1285, 1292 (10th Cir. 2005) (citation omitted). The United States's motion is in the form of a facial attack.

### III.

The United States asserts that this action is barred by the statute of limitations, arguing that a six-year statute of limitations applies to plaintiff's claim, and began to run when the will was probated in 1982. Dkt. # 7, at 3. Plaintiff argues that the statute of limitations did not start running until 2013 when plaintiff contends the rule against perpetuities was violated. Dkt. # 11, at 5. The Court finds that it lacks subject matter jurisdiction because plaintiff's claim is barred by the statute of limitations.[1]

Perpetuities are barred under the Oklahoma Constitution. See Okla. Const. Art. 2, § 32. The common law rule against perpetuities is most often defined as stating that "no interest (in property) is good unless it must vest, if at all, not later than twenty-one years after some life in being at the creation of the interest." Producers Oil Co. v. Gore, 610 P.2d 772, 774 (Okla. 1980) (quoting Melcher v. Camp, 435 P.2d 107 (Okla. 1967)). When considering possible perpetuities issues in a will, if under any possible contingency a future interest will not vest until after twenty-one years after the death of a measuring life, the attempted conveyance or disposition is invalid. In re Walker's Estate, 66 P.2d 88, 95 (Okla. 1937).

---

[1] Because the Court has determined this suit is barred by the statute of limitations, the United States's alternative request for an appellate briefing schedule is moot.

Plaintiff argues that the statute of limitations began running twenty-one years after Gladys's death when the rule against perpetuities was violated because the property had not vested in Nicholson at that time. Dkt. # 11, at 5. Plaintiff asserts that because no one knew whether the property would vest in Nicholson within twenty-one years of Gladys's death, she could not have known about the perpetuities problem before 2013, meaning the statute of limitations did not begin running until that time. Id. Plaintiff's claim relies on several misunderstandings about the rule against perpetuities. First, the measuring life can be anyone alive at the time of the testator's death. See generally Jesse Dukeminier, Perpetuities: The Measuring Lives, 85 Colum. L. Rev. 1648 (1985). There is no reason that the measuring life has to be Gladys. Because Nicholson was alive at the time the interest was created, she could be used as a measuring life. Second, vested is not a synonym for possession. "A vested interest does not necessarily include a right to possession." Barnes v. Barnes, 280 P.2d 996, 999 (Okla. 1955). "The general rule is that where the uncertainty is as to the event, and the persons are ascertained, there is a vested interest . . . ." Moore v. McAlester, 428 P.2d 266, 271 (Okla. 1967). Nicholson was specifically named in the will; there was never any uncertainty as to who had a right to her interest. See Dkt. # 2-2, at 9. Third, even if there were a perpetuities issue, it would have been problem when the will was probated. The rule is concerned with interests that could vest after the required period. Thus, any disposition that fails to vest within the required time must have had a perpetuities problem when the will was probated because it must have been possible from the beginning to vest outside the required time if that eventually occurred. Therefore, the statute of limitations began running when the will was probated in 1982, and there is no basis for tolling the limitations period.

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." FDIC v. Meyer, 510 U.S. 471, 475 (1994). Plaintiff has not asserted any waiver on the part of the United States, nor does plaintiff specify a federal statute under which she is suing the federal government. See generally Dkt. ## 2-2, 11. The United States suggests that plaintiff's suit might be an administrative appeal under the Administrative Procedure Act, 5 U.S.C. §§ 701-706 (APA), Dkt. # 7, at 3-4, which plaintiff emphatically denies, Dkt. # 11, at 6-7. In any case, the statute of limitations for bringing a civil action against the United States is six years. 28 U.S.C. § 2401. Plaintiff's suit has long been time barred. Additionally, plaintiff's claims against defendants Nicholson and the Estate of Elmer C. Tayrien are also time barred. The Court has not found any Oklahoma cause of action that would conceivably allow plaintiff to bring her claim 34 years after it has accrued. An Oklahoma probate proceeding is conclusive unless contested within three months of the will's admission into probate. Okla. Stat. tit. 58, § 67. An action for the recovery of real property must be brought within fifteen years. Okla. Stat. tit. 12, § 93(4). Thus, plaintiff's claim is barred by the statutes of limitations.

**IT IS THEREFORE ORDERED** that Defendant the United States of America's Motion to Dismiss or, Alternatively, to Strike Current Deadlines and Enter an Appellate Briefing Schedule (Dkt. # 7) is **granted** as to its motion to dismiss, and **moot** as to its request for a briefing schedule. A separate judgment is entered herewith.

**DATED** this 7th day of October, 2016.

_Claire V. Eagan_
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE